IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-82482 |
| | ) | |
| RICHARD L. VANDERYACHT, | ) | CH. 7 |
| | ) | |
| Debtor(s). | ) | |
| | ) | |

ORDER

  Hearing was held in Omaha, Nebraska on January 19, 2010, regarding Filing #11, Motion to Dismiss, filed by U.S. Trustee Patricia Fahey, and Filing #14, Resistance, filed by the Debtor. James Crampton appeared for the Debtor and Jerry Jensen appeared for the U.S. Trustee. Evidence: Judicial notice of Filings #1 and #8; Filing #14 admitted.

  The United States Trustee has filed a motion to dismiss for abuse pursuant to 11 U.S.C. § 707(b)(3). The United States Trustee suggests that the case should be dismissed based upon the totality of the circumstances. According to the United States Trustee, the Debtor's financial situation demonstrates that the Chapter 7 filing is an abuse and the Debtor has the ability to repay his debt. I agree.

  The original Schedule J, listing current expenditures, showed a total of average monthly expenses in the amount of $2,198. After the United States Trustee let it be known that the monthly net income shown on the original Schedule J, $963.16, was sufficient to enable the Debtor to make significant payments on his overall debt, the Debtor filed an Amended Schedule J, Filing #8, which shows an increase in the average monthly expenses to $3,440, leaving a monthly net income of -$278.84.

  The changes made to the Amended Schedule J include a monthly payment of $247 to SAC Federal Credit Union for a loan the Debtor's brother obtained, and permitted the Debtor to use the proceeds. That debt, to the brother or SAC Federal Credit Union, is not shown on the schedules or Statement of Affairs. The Amended Schedule also increases the monthly payment on two 401k loans. The Debtor provides no explanation for the increase in the monthly payments on the 401k loans. The original schedules show a debt of approximately $25,000 which, in a Chapter 13 case, could be paid over five years with a monthly amount far less than the Debtor now lists.

  On the Amended Schedule J, the Debtor has added $250 per month for lunches that he obtains from fast food restaurants on work days. His affidavit, at Filing #14, suggests that such lunches average approximately $6. Since there are generally only 22 work days in a month, his estimate of $250 per month far exceeds $6 per day times 22 days.

  The Amended Schedule J also increases his transportation costs by $280 per month with no explanation.

  The Amended Schedule J also includes cable and internet charges in the total amount of $215, although the original Schedule J showed the amount at $169. There is no explanation for

the increase.

Considering the totality of the circumstances and even giving the Debtor the benefit of the doubt with regard to some of the numbers, he still has the ability to make payments through a Chapter 13 plan, if only the 401k loan payments are reduced and spread out over the life of a plan. Therefore, I find that the Chapter 7 filing is an abuse and grant the motion of the United States Trustee. The Debtor shall convert to Chapter 13 by February 5, 2010, or the case will be dismissed.

IT IS ORDERED that the Motion to Dismiss, Filing #11, is granted. The Debtor shall convert to Chapter 13 by February 5, 2010, or the case will be dismissed.

DATED:     January 20, 2010

> BY THE COURT:
>
> /s/ Timothy J. Mahoney
> Bankruptcy Judge

Notice given by the Court to:
    James Crampton
    *Jerry Jensen


Movant (*) is responsible for giving notice to other parties if required by rule or statute.